Marie KEITH

v.

VAN DORN PLASTIC MACHINERY COMPANY.

Civ. A. No. 79–2557.

United States District Court,
E. D. Pennsylvania.

April 21, 1980.

---

William Morrow, Philadelphia, Pa., for plaintiff.

William Foster, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

In response to defendant's interrogatories, plaintiff identified Dr. Louis I. Rothschild as an expert witness expected to testify on plaintiff's behalf, the subject matter about which he will testify, the opinions to which he will testify, and a summary of the grounds for each opinion. Defendant thereafter noticed Dr. Rothschild for deposition. Plaintiff promptly moved for a protective order. The parties thereafter attempted to resolve this discovery dispute amicably. When these efforts failed, defendant responded to plaintiff's motion. In its response, defendant limits the areas it wishes to explore at deposition: "Counsel for defendant has advised counsel for the plaintiff that he does not intend to ask Dr. Rothschild any questions relating to his opinion but that he does intend to inquire with respect to Dr. Rothschild's background, education and experience." Defendant's memorandum of law at 1.

Discovery of experts expected to be called at trial is governed by Fed.R.Civ.P. 26(b)(4)(A). That section provides that

(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

Subdivision (b)(4)(C) provides that

Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A)(ii) and (b)(4)(B) of this rule; and (ii) with respect to discovery obtained under subdivision (b)(4)(A)(ii) of this rule the court may require, and with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Defendant in effect contends that the above quoted sections of Rule 26 are inapplicable in this case because it does not intend to question Dr. Rothschild concerning his opinions regarding this case. Defendant's position finds support in a variety of cases. *See, e. g., Sochanchak v. Marine Transport Lines, Inc.,* C.A. No. 77–11 (E.D.

Pa., Aug. 14, 1979); *Norfin, Inc. v. I. B. M.*, 74 F.R.D. 529 (D.Colo.1977). Defendant relies in particular upon *Sochanchak, supra.* In that case Magistrate Naythons held that a doctor who was to testify as an expert at trial was an "actor" and not an expert as to facts known and opinions held prior to his involvement as an expert in that case. He therefore ordered that the doctor could be deposed on those topics.

As Magistrate Naythons correctly noted, the Advisory Committee Notes to Rule 26 state that Rule 26(b)(4) "does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." 48 F.R.D. 487, 503 (1970). We read this note somewhat more restrictively, however, than did Magistrate Naythons. We believe that an "actor or viewer" refers, for example, to a doctor who performed an operation that gave rise to a malpractice claim, or to an actuary who witnessed an automobile accident. Such witnesses should be viewed as fact witnesses whose depositions as to the facts of the case could be taken without regard to Rule 26(b)(4). *See* 8 Wright & Miller, *Federal Practice & Procedure* § 2033, at 258 (1970).

There is no suggestion in this case, however, that Dr. Rothschild is a fact witness. Plaintiff will call him as an expert and defendant desires to depose him on his background in order to prepare for effective cross-examination. On these facts, although we believe that such examination may be permitted,[1] we believe that the concerns of Rule 26(b)(4) are implicated when the deposition is sought merely to enable the deposing party to prepare to lessen the effectiveness of the expert's testimony. Although Dr. Rothschild's background and experience are relevant to this action once he testifies, they would obviously be of no relevance whatever if plaintiff had not desig-

nated him as an expert witness for trial. It is solely his status as an expert in this case that makes his background and experience a topic for discovery. Therefore, the dangers of abuse that attend discovery of an opposing party's experts are present in this case.

We shall therefore permit defendant to depose Dr. Rothschild on his background, experience, and education, but we will require defendant to pay Dr. Rothschild a reasonable fee for his time spent complying with this discovery. Fed.R.Civ.P. 26(b)(4)(C). Alternatively, if it so desires, defendant may attempt to obtain this information by means of interrogatories directed to plaintiff. In that instance, a payment of fees will not be required.

---

1. "Effective cross-examination of an expert witness requires advance preparation." Advisory Committee Notes to the 1970 Amendments to Rule 26, 48 F.R.D. 487, 503 (1970).