**Young RHEE, Plaintiff,**

v.

**WITCO CHEMICAL CORPORATION, Defendant.**

**No. 86 C 3338.**

United States District Court,
N.D. Illinois, E.D.

March 1, 1989.

Michael K. Havrilesko, Williams & McCarthy, Rockford, Ill., James F. Hendricks, Jr., Oak Brook, Ill., for plaintiff.

Robert S. Minetz, Sarah S. Hirsen, Chicago, Ill., Burton A. Sherman, Reinstein, Sherman & Adelman, Northbrook, Ill., for defendant.

## ORDER

NORGLE, District Judge.

This matter comes before the court on two motions: plaintiff's, Young Rhee, Motion for Entry of a Protective Order, pursuant to Fed.R.Civ.P. 26(c) requiring defendant, Witco Chemical Corp., both to pay plaintiff's testifying expert a reasonable fee for time spent preparing for and attending his deposition by defendant and to pay 50% of the reasonable fees and expenses incurred by plaintiff in obtaining facts and opinion from plaintiff's expert, *see* Fed.R.Civ.P. 26(b)(4)(C); and defendant's Motion to Compel plaintiff's compliance with paragraph 5 of the court's order of May 27, 1988. For the following reasons, plaintiff's motion is granted in part and denied in part and defendant's motion is granted.

## FACTS

On May 27, 1987, the court, ruling on defendant's Motion to Bar Testimony, entered an order regulating discovery in this matter. With respect to expert discovery the order provided in part that:

5. When Mr. Huffington (plaintiff's expert) forms his opinion, he shall prepare his report itemizing the plaintiff's damage claims, and this report and all the expert's records in regard to the plaintiff shall be provided to defendant's counsel.

6. Mr. Huffington shall make himself available to defendant's counsel for a deposition on a mutually convenient date and time within 21 days after his report.

On or before August 23, 1988, plaintiff's expert completed his report itemizing plaintiff's damage claims. *See* Motion to Compel, Exhibit B. Plaintiff has refused to produce his expert's report and records or to allow defendant to depose plaintiff's expert, unless defendant agrees both to pay plaintiff's expert "his fee for time spent preparing for and attending a deposition at $150/hr. with a four hour minimum and to pay to plaintiff 50% of the costs charged by plaintiff's expert to plaintiff for preparing his opinions." *Id.* Defendant agreed to pay plaintiff's expert $150.00 per hour for his deposition time, but refused to pay either plaintiff's expert for his time spent preparing for the deposition or 50% of

plaintiff's costs in obtaining the expert's opinions. *See* Motion to Compel, Exhibit C.

## DISCUSSION

Concerning the plaintiff's failure to comply with paragraph 5 of the order, plaintiff has suggested no reason excusing his failure to do so. If, as defendant asserts, plaintiff has conditioned his production of the expert report and records on defendant's payment of certain fees, this is clearly in contravention of the order. Defendant's motion to compel is granted and plaintiff is ordered to produce the expert's report and records within seven days.

Concerning plaintiff's demand that defendant pay compensation to plaintiff's expert for time spent preparing for and attending the expert's deposition, the Federal Rules provide that "the court shall require the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery...." *See* Fed.R.Civ.P. 26(b)(4)(C).

■ The defendant has, consistent with the Federal Rules, agreed to pay plaintiff's expert for the time spent by plaintiff's expert at his deposition. The real issue is raised by plaintiff's demand that defendant pay plaintiff's expert for the time spent by plaintiff's expert "preparing" for his deposition.. Plaintiff asserts that "[a]n expert witness who prepared his work product month's ago cannot be expected to testify without preparation and review of his prior work for which plaintiff will be charged in addition to 'actual' deposition time."

Many courts addressing Rule 26(b)(4)(C) have ordered compensation of experts without elaborating on what constitutes "time spent in responding." *See, e.g., Eliasen v. Hamilton,* 111 F.R.D. 396, 404 (N.D.Ill. 1986); *Keith v. Van Dorn Plastic Machinery Co.,* 86 F.R.D. 458, 460 (E.D.Penn. 1980). Some have limited compensation to the time spent in the deposition. *See Cotton v. Consolidation Coal Co.,* 457 F.2d 641, 546–47 (6th Cir.1972); *Herbst v. Int'l Telephone & Telegraph Corp.,* 65 F.R.D. 528, 531 (D.Conn.1975). One court has awarded compensation for "preparation" time. *See Carter–Wallace, Inc. v. Hartz Mountain Ind., Inc.,* 553 F.Supp. 45, 53 (S.D.N.Y.1982). Others, without specifically excluding preparation time, have ordered the seeking party to pay the responding party's expert for time spent traveling to and from, as well as at the deposition. *See, e.g., Henlopen Hotel Corp. v. Aetna Ins. Co.,* 33 F.R.D. 306, 308 n. 6 (D.Del.1963) (decided prior to 1970 amendment of rule 26). None of these decisions is binding on the court. However, exclusion of "preparation" time is supported by the lack of a provision for compensation for time spent by experts in responding to interrogatories under Rule 26(b)(4)(A)(i). *See, e.g., Keith,* 86 F.R.D. at 460.

There may be some cases where compensation of an expert for time spent preparing for a deposition is appropriate, such as in a complex case where the expert's deposition has been repeatedly postponed over long periods of time by the seeking party causing the expert to repeatedly review voluminous documents. Here, compensation of plaintiff's expert for preparation time is inappropriate. The case is not complex, involving a single plaintiff and defendant, and the expert is testifying only as to damages. Plaintiff's expert has produced a written report with which he may easily refresh any lapses in his memory arising in the intervening period between the completion of his report and his deposition. Additionally, plaintiff himself must bear responsibility for the delay caused by his refusal to take the appropriate alternative of producing his expert, pursuant to the order, and seeking fees at a later date.

Moreover, time spent "preparing" for a deposition entails not only the expert's review of his conclusions and their basis, but also consultation between the responding party's counsel and the expert to prepare the expert to best support the responding party's case and to anticipate questions from seeking party's counsel. An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation. The court finds that a deposing party need not compensate the opposing party's

**48**

expert for time spent "preparing" for deposition, absent more compelling circumstances than exist here.

 Finally, the court addresses the plaintiff's demand that defendant share the plaintiff's cost in obtaining opinions from his expert. Rule 24(b)(4)(C) gives the court the discretion to order the seeking party pay the responding party a fair portion of the fees and expenses incurred in obtaining information from the expert. It was designed to "meet the objection that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side had paid, often a substantial sum." 48 F.R.D. 487. Exercise of this discretion is dependent upon whether the seeking party is learning about the other party's case, for purposes such as developing an effective expert cross examination, or going beyond this to develop his own case. 48 F.R.D. 505. Consequently, the court has the latitude to delay its determination until discovery is complete. *Id.; see also Worley v. Massey–Ferguson, Inc.,* 79 F.R.D. 534, 547 (N.D.Miss.1978).

Given the court's order that plaintiff's expert be deposed and plaintiff's refusal to produce his expert's report and records, the court assumes that interrogatories pursuant to Rule 26(b)(4)(A)(i) were either never served, since they would be partially obviated by the expected production of the expert's report and records, or not answered by the plaintiff, since to do so would be the equivalent of producing plaintiff's expert's report and records, which plaintiff has refused to do. Thus, the scope of the deposition might not exceed that contemplated in Rule 26(b)(4)(A)(i), in which case compensation would not be appropriate. Finally, that defendant has yet to obtain an expert and is apparently waiting to decide whether to do so until after it has deposed plaintiff's expert is not sufficient for this court to determine that defendant intends to formulate the damages portion of its case by "free riding" on plaintiff's expert's conclusions. The court will revisit this issue at a more appropriate time. Furthermore, the wisdom of deposing an expert without the advice of one's own expert is not at issue.

In sum, plaintiff is ordered to produce his expert's report and records within seven days and to produce his expert for deposition within 21 days; defendant shall compensate plaintiff's expert at his customary hourly rate for the actual time spent by plaintiff's expert traveling to, from and at his deposition; and the court will take under advisement that portion of plaintiff's motion which seeks an order requiring defendant to pay 50% of the costs incurred by plaintiff in obtaining information from plaintiff's expert.

IT IS SO ORDERED.