**Sheldon D. BENJAMIN, D.M.D. and Audrey Benjamin, Plaintiffs,**

**v.**

**Marion GLOZ, Defendant.**

**Civ. A. No. 89–S–501.**

United States District Court, D. Colorado.

April 27, 1990.

James H. Chalat, Denver, Colo., for plaintiffs.

T. Peter Craven, Glenwood Springs, Colo., Chris A. Mattison, Denver, Colo., for defendant.

## ORDER

D.E. ABRAM, United States Magistrate.

The plaintiffs have filed a Motion for Order of Payment of Fees of Harold Katz. Mr. Katz has been designated as an expert witness for the plaintiffs. Defendant deposed Mr. Katz on October 25, 1989. At that deposition Mr. Katz produced numerous documents that had been requested by the defendant. Plaintiff has now filed a motion requesting that the defendant be ordered to compensate Mr. Katz for the time he spent preparing for the deposition, giving the deposition, reviewing the deposition transcript and the cost of reviewing and copying documents.

Neither party has provided any case law on the propriety of this motion. A hearing was held on the motion on December 12, 1989 at which time defendant set forth her position. Defendant does not dispute the hourly rate that Mr. Katz charges for his time but does dispute the amount of time for which Mr. Katz seeks to be compensated. Defendant is willing to compensate Mr. Katz for the time he spent at the deposition and for the time he spent reviewing the deposition transcript. However, because Mr. Katz is the plaintiffs' expert witness, defendant opposes being required to compensate Mr. Katz for the time that he spent preparing for the deposition or for the time he claims he spent reviewing documents for copying.

Defendant also takes issue with the amount being sought for the copying of documents for the deposition. The copying was done by an individual named Louis Turner who is apparently employed in Mr. Katz' office. Again, defendant does not dispute the hourly rate being sought for Mr. Turner's services but does dispute the amount of time for which compensation is sought. Defendant points out that there were approximately 7,500 copies made and that Mr. Turner is claiming it took 47.5 hours to make those copies. According to defendant's calculations, that averages out to about two copies per minute. Therefore, defendant proposes that she pay only one third of the amount claimed for copying costs.

The issue of compensation for the time spent by a deponent in preparing for a deposition was addressed in the case *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45 (N.D. Ill.1989). Judge Norgle of the Northern District of Illinois stated "[t]he real issue is raised by plaintiff's demand that defendant pay plaintiff's expert for the time spent by plaintiff's expert 'preparing' for his deposition." *Rhee*, 126 F.R.D. at 47.

Federal Rule of Civil Procedure 26(b)(4)(C) provides in part that "the court

shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." Fed.R.Civ.P. 26(b)(4)(C). Judge Norgle quoted that rule and continued stating:

Many courts addressing Rule 26(b)(4)(C) have ordered compensation of experts without elaborating on what constitutes "time spent in responding." *See, e.g., Eliasen v. Hamilton,* 111 F.R.D. 396, 404 (N.D.Ill.1986); *Keith v. Van Dorn Plastic Machinery Co.,* 86 F.R.D. 458, 460 (E.D.Penn.1980). Some have limited compensation to time spent in the deposition. *See Cotton v. Consolidation Coal Co.,* 457 F.2d 641, 646–47 (6th Cir.1972); *Herbst v. Int'l Telephone & Telegraph Corp.,* 65 F.R.D. 528, 531 (D.Conn.1975). One court has awarded compensation for "preparation" time. *See Carter–Wallace, Inc. v. Hartz Mountain Ind., Inc.,* 553 F.Supp. 45, 53 (S.D.N.Y.1982). Others, without specifically excluding preparation time, have ordered the seeking party to pay the responding party's expert for time spent travelling to and from, as well as at the deposition. *See, e.g., Henlopen Hotel Corp. v. Aetna Ins. Co.,* 33 F.R.D. 306, 308 n. 6 (D.Del.1963) (decided prior to 1970 amendment of rule 26). None of these decisions is binding on the court. However, exclusion of "preparation" time is supported by the lack of a provision for compensation for time spent by experts in responding to interrogatories under Rule 26(b)(4)(A)(i). *See, e.g., Keith,* 86 F.R.D. at 460.

*Rhee,* 126 F.R.D. at 47.

The plaintiff's request in that case for compensation of the expert's preparation time was ultimately denied. *Rhee,* 126 F.R.D. at 47. Judge Norgle's rationale for that conclusion was, in part, as follows:

[T]ime spent "preparing" for a deposition entails not only the expert's review of his conclusions and their basis, but also consultation between the responding party's counsel and the expert to prepare the expert to best support the responding party's case and to anticipate questions

from seeking party's counsel. An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation. The court finds that a deposing party need not compensate the opposing party's expert for time spent "preparing" for deposition.

*Rhee,* 126 F.R.D. at 47–48.

■ I agree with the holding of the *Rhee* case and therefore deny plaintiff's request to the extent that it seeks compensation for the time Mr. Katz spent preparing for the deposition.[1]

■ Turning to the compensation for the copying costs, defendant stated at the hearing that the parties had agreed that Mr. Turner would make the copies at a rate of $25 per hour. Defendant asserts though that she did not think it would take Mr. Turner over forty hours to complete the copying. Defendant's counsel stated that his office has a copy machine that can produce 75 to 90 copies a minute apparently implying that Mr. Turner "padded" his hours.

Defendant has not presented any evidence or case law that would warrant a decrease in the amount claimed for copying. There are no facts to indicate or establish that the time Mr. Turner claimed for copying was falsified. Further, taking over 45 hours to make over 7500 copies does not appear unreasonable. Although defense counsel's copy machine is able to produce over 75 copies per minute, I doubt that it could reach that production level if the copies were being made one or two at a time as a particular document was pulled from a file, as the copies were made in this case.

IT IS THEREFORE ORDERED that plaintiff's motion for order of payment of the fees of Harold Katz be granted in part and denied in part as follows:

1) defendant shall compensate Mr. Katz for the time he spent at the deposition and

---

1. This also includes the 8.1 hours Mr. Katz is seeking in connection with the photocopying.

*See* Defendant's exhibit B from the December 12, 1989 hearing.

for the time he spent reviewing the deposition transcript;

2) defendant is not required to compensate Mr. Katz for the time he spent preparing for the deposition (this includes the 8.1 hours Mr. Katz claimed in connection with photocopying); and

3) defendant shall compensate Mr. Katz for the photocopying costs as listed on defendant's exhibit B excluding the time listed for Mr. Katz on that exhibit.