**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**SEARS, ROEBUCK AND CO., Defendant.**

**No. 79 C 4373.**

United States District Court, N.D. Illinois, E.D.

Sept. 4, 1991.

James P. Scanlan, Margaret L. Herbert, E.E.O.C. Chicago, Ill., for plaintiff.

Charles Morgan, Jr., Pamela S. Horowitz, Morgan Assoc., Washington, D.C., William D. Snapp, Benjamin L. Sells, Jenner & Block, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

On January 31, 1986, after a lengthy trial, this court rendered judgment in favor of defendant Sears, Roebuck & Co. on all claims at issue in this case. Sears later brought a motion for costs and attorneys' fees, which the court granted in part and denied in part on January 27, 1987 and May 20, 1987. Those rulings are published at 114 F.R.D. 615. In order to calculate the amount of costs and fees owing Sears, the court ordered Sears to present a third amended bill of costs. That bill of costs is now before the court, together with various related motions. For the reasons stated below, the bill of costs is granted in part and denied in part, and the motions are denied or continued, with some further briefing required.

## I. COSTS

Pursuant to F.R.C.P. 54(d), which provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs," the court granted Sears' motion to recover costs incurred for court reporting, witness fees and expenses, and exemplification and copies. 114 F.R.D. at 620–26.

### A. *Court Reporting*

Sears requests $149,064.05 for pretrial, trial and deposition transcripts. 3d Am. Bill of Costs pp. 2–4. The numbers break down as follows: $4,536.00 for pretrial transcripts; $79,185.25 for trial transcripts; and $74,036.30 for deposition transcripts, less $8,693.50 already paid by EEOC. These figures conform to the court's previ-

ous order, wherein the court reluctantly held that "Sears may not recover costs for its pretrial proceeding and deposition transcripts in excess of the 'ordinary' transcript rate, and may not recover costs for its trial transcripts in excess of the 'hourly' transcript rate." 114 F.R.D. at 623.

The court believed it was constrained to limit Sears' recovery by Local Rule 45(b), which provides,

> If in taxing costs the clerk finds that a transcript or deposition was necessarily obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court.

Upon reviewing this provision and the rationale behind it, in consultation with the District Court Clerk, who was present at the drafting and enactment of the rule, the court finds its previous ruling in error. Local Rule 45(b), designed to limit the discretion of clerks in taxing costs, was never intended to prevent a court from adjusting copy rates if warranted by a complicated and lengthy trial. This case presents the paradigm example of complex litigation, lasting hundreds of days and involving thousands of documents. Daily copy for both parties and the court was necessary for an accurate and expeditious trial.

Accordingly, the court reverses its earlier decision limiting Sears to the "ordinary" rate for pretrial and deposition transcripts, and enters an order *nunc pro tunc* granting Sears' request for costs in excess of that rate. Sears has 30 days from entry of this order to file a statement detailing its transcript costs in light of the court's ruling. EEOC has 30 days after receiving Sears' statement to file a response.

▪ EEOC raises one objection to the court reporting fees sought by Sears. It asserts that transcript costs in the amount of $1288.10 for five depositions are expenses "incurred in other actions." Reply to Sears' Response to Plaintiff's Objections to Amount of Costs Requested by Defen-

dant (hereinafter "Bill of Costs Reply") p. 3. In its previous ruling, the court held that Sears may not recover costs incurred in other cases. 114 F.R.D. at 625. Sears correctly notes, however, that EEOC specifically agreed, by stipulation, "that all depositions ... in New York, Atlanta, and Memphis ... may be used ... in the Chicago case." Response to Plaintiff's Objections to Amount Requested by Defendant (hereinafter "Bill of Costs Response"), Attachment A. EEOC offers no reply to this point. The court agrees that the "obvious purpose of that stipulation was to avoid the duplication of time and expenses involved in re-taking depositions," *id.* at 7, and finds these deposition transcript costs recoverable.

### B. *Witness Fees and Expenses*

Sears' bill of costs seeks $29,711.53 in witness fees and expenses. Again, the only objection raised by EEOC is to $210.00 charged "for depositions in other actions." Bill of Costs Reply p. 4. These are the same depositions to which the stipulation above refers. The witness fees associated with them, like the transcript costs, are recoverable in this action. EEOC does not quarrel with the remaining items in Sears' list, and indeed they all appear reasonable.

Among the items listed are expert witness fees. Bill of Costs pp. 9–13. Sears brings two motions, one a "Supplemental Motion to Amend Order Concerning the Equal Employment Opportunity Commission's Bad Faith," the other a "Second Supplemental Motion to Amend May 20, 1987 Order," seeking expert witness fees in excess of $30.00 per day, the maximum rate permitted by 28 U.S.C. § 1821. See 114 F.R.D. at 620. The first motion, according to its own terms, seeks "to protect Sears' entitlement to full expert witness fees if the Court grants Sears' Motion to Amend Order Concerning the Equal Employment Opportunity Commission's Bad Faith." Supporting Memo., Supplemental Motion to Amend p. 2. Because the court denies Sears' motion to amend the order concerning EEOC's bad faith, see below, this motion is denied.

Sears' second supplemental motion cites *Chambers v. Ingram*, 858 F.2d 351 (7th Cir.1988), for the proposition that Section 1821 "does not apply insofar as the expert witness fees were incurred in responding to discovery sought by the Equal Employment Opportunity Commission." Supporting Memo., Second Supplemental Motion p. 1. In Chambers, the district court had awarded the plaintiff $3,000 in expert witness fees, exceeding the $30.00 per day limit set by 28 U.S.C. § 1821. Conceding on appeal that expert witness fees beyond $30.00 per day could not be recovered under F.R.C.P. 54(d), the plaintiff argued that recovery was proper under F.R.C.P. 26(b)(4)(C), which provides that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery."

The Court of Appeals agreed that Rule 26(b)(4)(C) authorized the plaintiff to recover that portion of the $3,000.00 it had paid its expert for time spent in responding to discovery—$1,500 for two days in deposition. *Chambers*, at 360. Here, the parties have already agreed to pay each other for the time their experts spent in deposition. Sears argues for a more expansive reading of Rule 26(b)(4)(C), namely, that "time spent in responding to discovery" contemplates more than deposition time. *Chambers* has nothing further to say on the subject.

Judge Norgle of this district has authored the most complete discussion of Rule 26(b)(4)(C) to date. In *Rhee v. Witco Chemical Corp.*, 126 F.R.D. 45 (N.D.Ill. 1989), the plaintiff sought recovery under the Rule, asserting that an expert witness "who prepared his work product months ago cannot be expected to testify without preparation and review of his prior work for which plaintiff will be charged in addition to 'actual' deposition time." *Rhee* at 47. Noting the various interpretations given by courts to "time spent in responding," Judge Norgle concluded that "exclusion of 'preparation' time is supported by the lack of a provision for compensation for time spent by experts in responding to interrogatories under Rule 26(b)(4)(A)(i)." *Id.* He explained further:

> time spent "preparing" for a deposition entails not only the expert's review of his conclusions and their basis, but also consultation between the responding party's counsel and the expert to prepare the expert to best support the responding party's case and to anticipate questions from seeking party's counsel. An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation. The court finds that a deposing party need not compensate the opposing party's expert for time spent "preparing" for deposition, absent more compelling circumstances than exist here.

*Rhee*, at 47.

It should normally be the case, then, that Rule 26(b)(4)(C) does not permit recovery for time spent "preparing" for a deposition. *Rhee* does carve out an exception, however: "There may be some cases where compensation of an expert for time spent preparing for a deposition is appropriate, such as in a complex case where the expert's deposition has been repeatedly postponed over long periods of time by the seeking party causing the expert to repeatedly review voluminous documents." *Rhee* at 47. Judge Norgle specifically pointed out that the case before him was "not complex, involving a single plaintiff and defendant, and the expert is testifying only as to damages." *Id.*

This case, by contrast, has been extremely complex. To defend against EEOC's charges, Sears had no choice but to retain many experts and have them review voluminous documents. The cost of their time spent in doing so may be recovered. If Sears wishes to pursue this remedy, however, it should bear in mind two caveats. First, the range of activities performed by experts for which Sears can be reimbursed is very narrow, limited as it is to reviewing documents and the like. Sears may not recover the cost of computer runs. Second, Rule 26 applies not only to

prevailing parties; EEOC can recover the cost of its experts as well, if it so desires. Nevertheless, if Sears decides to press ahead with its claim, it must submit a memorandum detailing the costs for which recovery is sought within 30 days, followed by EEOC's response within 30 days.

## C. *Exemplification and Copies*

Sears seeks compensation for the cost of various trial exhibits, to which EEOC does not object, and for copying costs, to which EEOC does object. EEOC again argues that some of the copying costs may not be recovered because they relate to depositions taken in other actions. As noted above, however, Sears and EEOC stipulated that these depositions "may be used ... in the Chicago case." Bill of Costs Response, Attachment A. It plainly appears from the stipulation that the depositions were intended for use in this action no less than in other actions. Sears' request therefore comports with the court's previous ruling that costs may be recovered for copies of papers "necessarily obtained for use in this case." 114 F.R.D. at 625 (quoting 28 U.S.C. § 1920(4)).

■ EEOC also objects to the per page costs for copying requested by Sears. Sears' bill of costs identifies two categories of documents: those that were copied at Morgan Associates, Chartered (MAC) at $0.20 per page, and those copied outside the firm at lower rates. EEOC first alleges that, "in many instances, other copies of [the documents copied at MAC] were also made by outside contractors at much lower cost ... undoubtedly, Sears, like the EEOC, frequently paid private copying firms to make copies of the expert depositions transcribed on a daily basis in various cities around the country." Objections to Bill of Costs p. 16.

Sears flatly denies the latter contention. To the suggestion that Sears is attempting to recover $0.20 per page for internal copying despite having other copies of the same documents made at a lower price, Sears simply responds, "[t]his is false." Bill of Costs Response p. 8. Whether or not Sears made other copies of documents copied at

MAC is immaterial. Sears had every right to make copies internally in order to have "frequent and ready access to the documents." 114 F.R.D. at 625. That Sears made additional copies elsewhere did not diminish the necessity of making them internally. So long as copies were made at MAC, and were charged to Sears at $0.20 per page, Sears may recover the costs incurred—up to six copies' worth. *Id.*

It follows that Sears may not recover costs at $0.20 per page for copies not made at MAC. Apparently, however, Sears may have made one such request. Its response brief contains the following statement: "Sears' Findings of Fact and Conclusions of Law were copied and bound by an outside contractor only because the size of the volumes precluded their being produced internally." Bill of Costs Response p. 8. This stands in contrast to the bill of costs, where Sears lists copies of "pleadings and attachments"—the only category in which findings of fact and conclusions of law could conceivably be placed—as having been made at MAC.

As EEOC observes, in this instance at least, "Sears apparently is claiming 20 cents per page for copies even when no copies were made at Morgan Associates." Bill of Costs Reply p. 7. The court cannot rule on Sears' request for copying costs until Sears addresses this discrepancy. The court must be certain that all copies listed in the bill of costs as having been made at MAC were indeed made there. Sears is ordered to submit a brief memorandum clarifying the matter within 30 days, with response within 30 days by EEOC if necessary.

■ EEOC filed a motion for reconsideration, asking the court to revise two aspects of its ruling with respect to copying costs. First, citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581 (7th Cir.1990), EEOC restates its view that costs for copying are recoverable only for copies that a party must have made in order to provide documents to the Court or some other party. By its previous order this court allowed charges for "deposition transcripts and exhibits, pretrial and trial transcripts,

trial exhibits, written testimony and expert reports, pleadings and attachments, discovery materials, and excerpts of depositions Sears introduced into evidence." 114 F.R.D. at 625. According to EEOC's reading of *McIlveen*, only trial exhibits, pleadings and attachments, and certain discovery materials would be compensable.

*McIlveen* stands for no such proposition. The paragraph upon which EEOC relies, see Memo. in Support of Motion for Reconsideration p. 5, states merely that 28 U.S.C. § 1920(4) "does not encompass [defendant's] copying of court filings for its own use." *McIlveen* at 1584. This conclusion follows naturally from the well-established principle that "for use in this case," the key phrase in § 1920(4), "refers to materials actually prepared for use in presenting evidence to the court." *E.E.O.C. v. Kenosha Unified School Dist. No. 1,* 620 F.2d 1220, 1227–28 (7th Cir.1980). McIlveen leaves undisturbed the prevailing interpretation of this language: that the "underlying documents need not be introduced at trial in order for the cost of copying them to be recoverable." *Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 867 (7th Cir.1981). The copying costs for which Sears seeks recovery "were for materials necessary to the trial." *Id.* That was the court's previous ruling, and *McIlveen* does not mandate its reconsideration.

EEOC also revisits its objection to the $0.20 per page copying costs charged by MAC and approved by the court. It cites *Daniels v. Pipefitters' Association,* 53 FEP Cases 1669, 1990 WL 139244 (N.D.Ill. 1990), in which Judge Alesia allowed copying costs at 6 rather than 20 cents per page, explaining that the purpose of 28 U.S.C. § 1920 "is to obtain the costs reasonably incurred in the prosecution of the action, not profit." *Daniels,* at 1679. *Daniels* does not, however, set a fixed rate for copying costs in every action. The amount of costs deemed "reasonable" will necessarily vary from case to case.[1] In its effort to show the unreasonableness of these rates, EEOC, in the Scanlan affidavit, recalls the low prices it paid for commercial

copying. Sears' response is on target: "[t]he circumstances of the case, including the need to produce copies quickly and to maintain confidentiality and direct control over large numbers of documents made more extensive use of commercial copy services impractical and inappropriate." Response p. 9. EEOC's motion for reconsideration is denied.

## II. ATTORNEYS' FEES AND EXPENSES

Pursuant to F.R.C.P. 37(d), the court granted Sears' motion for attorney's fees and expenses incurred as a result of EEOC's negligence in tendering incomplete, outdated, and misleading data in response to a clear discovery request. 114 F.R.D. at 627. In the affidavit of Pamela Horowitz, Sears sets forth attorneys' fees of $80,493.50, statistical expert fees of $22,259.32, and other expenses of $36,380.54, totaling $139,133.36. EEOC objects to the affidavit as being insufficiently detailed and excessive in the amounts requested.

In granting Sears' motion for attorneys' fees and expenses, the court briefly described the effects of EEOC's negligence:

EEOC gave the printouts to Sears on April 3, 1984, representing to Sears that the printouts contained the coding of prior experience for the hired and non-hired applications samples. Sears then analyzed the printouts and prepared exhibits and questions for cross-examination from the printouts. After the trial began, and Sears had completed its cross-examination of EEOC expert Dr. Solnick, EEOC discovered that the printouts it had given to Sears did not reflect EEOC's March, 1983 recoding of prior experience information.

114 F.R.D. at 626. In short, Sears reviewed printouts, prepared exhibits, and fashioned its cross-examination on the basis of "incorrect, incomplete, and misleading data." *Id.* Given how extensively EEOC's negligence tainted Sears' trial preparation, it ill-serves EEOC to insist

---

1. See cases cited at Response p. 8 (approving rates of $0.20 and higher).

that Sears seeks expenses "entirely unrelated to its correction of its work that had been based on the incorrect printouts." Objections p. 3.

On the contrary, Sears has every right to seek most of the expenses set out in the affidavit, including the reexaminations of witnesses Marie L. Langner and Dr. Loren M. Solnick, which would have been unnecessary if EEOC had provided accurate printouts; preparation for and attendance at the deposition of EEOC witness Dr. Bernard R. Siskin, to the extent it pertained to the recoding project[2]; conferences with EEOC counsel and statistical expert, analysis of data, preparation of trial exhibits, computer programming, computer runs, and the like.[3]

The court agrees with EEOC that Sears should not recover the full expense of Dr. Solnick's initial cross-examination, $16,214.75, because the examination did not focus exclusively on the recoding project and would have been necessary in any event. The entire expense, in other words, cannot be said to have occurred "as a result of EEOC's negligence." 114 F.R.D. at 627. The court will reduce the figure by half, to $8,107.37. EEOC also objects to Sears' effort to recover attorneys' fees for Charles Morgan, Jr., Pamela S. Horowitz, and Paul F. Colarulli, "simply for being present in court" while the reexaminations were conducted. Objections p. 7.

The court does not share EEOC's blanket objection. In a case of this magnitude, it is not necessarily unreasonable for counsel active in the litigation to be present at an examination which they themselves are not conducting. Whether their presence was justified, however, is unclear from the materials submitted. Sears has 30 days to indicate the need for these attorneys to be present, and EEOC has 30 days from that time to respond.

## III. EEOC'S BAD FAITH

In its previous orders, the court discussed at great length Sears' allegation of bad faith, concluding that, "[w]hile ... Sears was entitled to prevail in this case, the court finds that EEOC's case, from filing to final arguments, was not frivolous, unreasonable or without foundation. The court therefore denies Sears' motion for attorneys' fees and expenses ..." 114 F.R.D. at 633. Sears asks the court to reconsider this decision in light of the Seventh Circuit's opinion in *EEOC v. Sears Roebuck & Co.*, 839 F.2d 302 (1988).

The court declines Sears' invitation to revisit well-worn territory. Nowhere in its decision does the Seventh Circuit find EEOC's case frivolous, such that attorneys' fees would be warranted. This court stands by its earlier disposition: while the case is much closer to frivolous than watertight, "when compared with cases found to be frivolous, such as [*Hamilton v. Daley*, 777 F.2d 1207 (7th Cir.1985)], in which the plaintiff's claims were clearly foreclosed by precedent, the non-frivolous nature of EEOC's evidence and litigation position in the present action becomes apparent." 114 F.R.D. at 633. That the Seventh Circuit found the "performance of EEOC ... disappointing and ... a disservice not only to Sears, but also to the public and even to NOW and its causes," among other things, reveals the depth of EEOC's misjudgments. 839 F.2d at 360. It does not amount to a finding of frivolousness. Sears' motion to amend is denied.

In sum, the court rules as follows:

On the motion for costs, (1) Sears has 30 days from entry of this order to file a statement detailing its transcript costs. EEOC has 30 days after receiving Sears' statement to file a response. (2) EEOC

---

**2.** EEOC argues, without support from the transcript, that "the largest amounts of Sears' claim appear to be related to Dr. Siskin's recodings," but Sears' response makes clear that "[n]o time is included for work on what the EEOC calls 'Dr. Siskin's recodings.'" Objections p. 7; Response p. 4.

**3.** EEOC also argues that "the expenses Sears claims would be unreasonable even if all were in fact related to the correction of its analyses that were based on the printouts." Objections p. 3. Neither the hours spent nor the rates charged appear unreasonable to the court, and EEOC has not made a convincing argument to the contrary.

**530**

must pay Sears $29,711.53 in witness fees and expenses. With respect to Sears' "Second Supplemental Motion to Amend May 20, 1987 Order," if Sears wishes to claim additional expenses under F.R.C.P. 26(b)(4)(C), it must submit a memorandum detailing the costs for which recovery is sought within 30 days. EEOC has 30 days after receiving that memorandum to respond. The motion is continued until such time. (3) For exemplification expenses, EEOC must pay Sears $54,549.35. With respect to copying costs, the court must be certain that all copies listed in the bill of costs as having been made at MAC were indeed made there. Sears is ordered to submit a brief memorandum clarifying the matter within 30 days, with response within 30 days by EEOC if necessary.

On the motion for attorneys' fees, Sears has 30 days to indicate whether and why attorneys Morgan, Horowitz, and Colarulli needed to be present during reexaminations, and EEOC has 30 days from that time to respond.

Sears' "Motion to Amend Order Concerning the Equal Employment Opportunity Commission's Bad Faith" and "Supplemental Motion to Amend Order Concerning the Equal Employment Opportunity Commission's Bad Faith" are denied. EEOC's "Motion for Reconsideration of Costs Rulings of January 26, 1987, and May 20, 1987" are denied.

Finally, this Circuit allows for interest on costs from the date the costs award is entered. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1585 (7th Cir.1990). The court orders Sears to submit, within 30 days, a final figure reflecting interest at the prevailing rate if payment is made in 120 days. EEOC has 30 days from the date of that submission to respond.