S.A. HEALY COMPANY, an Ohio corporation, Plaintiff,

v.

MILWAUKEE METROPOLITAN SEWERAGE DISTRICT, a special purpose Wisconsin municipal corporation, Defendant.

No. 91–C–1260.

United States District Court, E.D. Wisconsin.

March 7, 1994.

Godfrey & Kahn by Jane Schlicht, Milwaukee, WI and Watt, Tieder, Killian & Hoffar by Mark A. Sgarlata and Henry D. Danforth, McLean, VA, for plaintiff.

Robert Crawford, Milwaukee, WI, for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Presently before the court is Milwaukee Metropolitan Sewerage District's ["MMSD"] "Second Motion for a Protective Order." This motion will be granted to the extent recited in this decision and order.

I recently ordered MMSD to make Michael Benes, one of MMSD's damage experts, available for a deposition by Healy's attorneys. *See* Decision and Order dated February 16, 1994 (denying in part MMSD's first motion for a protective order requesting this court to bar the deposition of Mr. Benes at any time). Counsel for MMSD and Healy state that they have reached an agreement on the date for Mr. Benes' deposition and have agreed that Healy will bear the expense of his actual deposition time. However, the parties dispute whether Healy is also obligated to pay MMSD for the cost of Mr. Benes' time in preparing for his deposition.

In its "Second Motion for a Protective Order," brought pursuant to Rule 26(c), Federal Rules of Civil Procedure, MMSD asks this court to order Healy to bear the expense of 10–15 hours of deposition preparation time, at $115 per hour, that Mr. Benes anticipates will be required to prepare adequately for Healy's upcoming deposition of him. Healy opposes the motion but states that, in an effort to avoid this discovery dispute, it advised MMSD of its willingness to pay MMSD for three hours of Mr. Benes' deposition preparation time. MMSD refused Healy's offer and instead filed the protective order motion presently under consideration.

Recently amended Rule 26(c), Federal Rules of Civil Procedure, provides in part, that "[u]pon motion by a party or by the person from whom discovery is sought ... the court ... may make any order which justice requires to protect a party or person from ... undue burden or expense...." Furthermore, amended Rule 26(b)(4)(A) states that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Additionally, amended Rule 26(b)(4)(C) provides that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee *for time spent in responding to discovery* under this subdivision...." (emphasis added).

Based on the above amended rules, MMSD's present protective order motion raises the following clearly defined issue: Is the deposition preparation time of an expert witness properly considered "time spent in responding to discovery" under amended Rule 26(b)(4)(C), Federal Rules of Civil Procedure? If so, is it an expense required to be borne by the party seeking discovery from the expert witness? The court has found no published decisions instructive on this narrowly defined issue. However, there are reported decisions applying former Rule 26(b)(4)(C), Federal Rules of Civil Procedure (i.e. the relevant rule in effect prior to the December 1, 1993, amendments to the federal rules), that address whether a party seeking to depose an expert witness must pay the deposition preparation time of that witness. *See, e.g., E.E.O.C. v. Sears, Roebuck and Co.,* 138 F.R.D. 523, 527 (N.D.Ill.1991); *Rhee v.*

*Witco Chemical Corp.*, 126 F.R.D. 45, 47 (N.D.Ill.1989).

Former Rule 26(b)(4)(C), Federal Rules of Civil procedure states that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee *for time spent in responding to discovery . . . .*" (emphasis added). Because former Rule 26(b)(4)(C) and newly amended Rule 26(b)(4)(C) use the same language, the *Sears* and *Witco* decisions are instructive in resolving whether, under newly amended Rule 26(b)(4)(C), deposition preparation time must be paid for by the party seeking to depose an adverse party's expert witness.

 *Sears* and *Witco* hold, as a general rule, that former Rule 26(b)(4)(C), Federal Rules of Civil Procedure, does not require the party deposing an expert witness to bear the expense of that expert's deposition preparation time. *Sears*, 138 F.R.D. at 526. However, both the *Sears* and *Witco* decisions recognize an exception to this general rule in complex cases where there has been a considerable lapse of time between an expert's work on a case and the date of his actual deposition. *Id.* Because newly amended Rule 26(b)(4)(C), Federal Rules of Civil Procedure, exactly tracks the language of former Rule 26(b)(4)(C), I believe that the rules laid out in *Sears* and *Witco* not only correctly determine which party shall bear the expense of deposition preparation time of expert witnesses but also apply under newly amended Rule 26(b)(4)(C), Federal Rules of Civil Procedure.

Accordingly, under the above rules, I hold that MMSD's protective order motion should be granted to the extent that Healy should compensate MMSD for five hours of Mr. Benes' deposition preparation time at $115.00 per hour. I reach this conclusion because I find that the damage issues in this litigation are quite complex as evidenced by the expert reports filed by MMSD on November 8, 1993. Furthermore, Mr. Benes' deposition will occur some four to five months after he prepared his report which consisted of thirty-six pages of single spaced text plus over one hundred supporting schedules. Therefore, Healy will be directed to pay MMSD for five hours of Mr. Benes' deposition preparation time in advance of its deposition of Mr. Benes. *See also American Steel Products Corp. v. Penn Central Corp.*, 110 F.R.D. 151, 153 (S.D.N.Y.1986) (awarding costs of expert's deposition preparation time to party defending expert deposition); *Carter–Wallace, Inc. v. Hartz Mountain Ind., Inc.*, 553 F.Supp. 45, 53 (S.D.N.Y.1982) (same).

## ORDER

Therefore, IT IS ORDERED that MMSD's "Second Motion for a Protective Order" be and hereby is granted to the extent that Healy is directed to pay to counsel for MMSD the sum of $575.00 representing five hours of Mr. Benes' deposition preparation time (at $115.00 per hour) in advance of its deposition of Mr. Benes.

IT IS ALSO ORDERED that the parties will bear their own costs and attorneys fees in connection with MMSD's "Second Motion for a Protective Order."