M. T. McBRIAN, INC., Plaintiff/Counter–
Defendant,

v.

LIEBERT CORPORATION,
Defendant/Counter–
Plaintiff,

v.

Michael R. BARRETT, Counter–
Defendant.

No. 92 C 4651.

United States District Court,
N.D. Illinois,
Eastern Division.

June 5, 1997.

492

Kathleen Ann Lyons, Thomas C. Elliott, Jr., Keith V. Rockey, Dressler, Rockey, Milnamow & Katz, Ltd., Chicago, IL, Robert W. Queeney, McBride, Baker & Coles, Chicago, IL, for M. T. McBrian, Inc.

Robert James Slobig, Torshen, Spreyer & Garmisa, Ltd., Chicago, IL, Bruce D. Ryder, Kenneth R. Heineman, Joseph C. Orlet, Donald P. Wray, Jr., Coburn & Croft, St. Louis, MO, for Liebert Corp.

Robert W. Queeney, McBride, Baker & Coles, Chicago, IL, for Michael R. Barrett.

## MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is PLAINTIFF'S MOTION FOR THE PAYMENT OF EXPERT WITNESS FEES.

### I. BACKGROUND

Plaintiff M. T. McBrian, Inc. ("McBrian") seeks an order, pursuant to Fed.R.Civ.P. 26(b)(4)(C), to compel defendant Liebert Corporation ("Liebert") to pay plaintiff's expert witness deposition fees in the amount of $22,-522.44. McBrian argues that Liebert deposed plaintiff's expert Richard Miller and should pay $12,484.50 in resulting costs. McBrian also states that Liebert agreed to pay the bill for McBrian's other expert Mr. Prohofsky, in the amount of $10,037.94, but to date has failed to do so. McBrian argues that it is only through full payment of its expert witness fees, which include time spent on preparation for the depositions, and lodging and travel costs, that "manifest injustice," proscribed by Fed.R.Civ.P. 26(b)(4)(C), can be avoided. Defendant Liebert interprets the term "reasonable fees" as excluding costs associated with lodging, travel, and preparation time. Liebert also contends that no fees should be paid for Miller by reason of his surprise opinions, first revealed at his deposition, which were not contained in his expert report.

### II. ANALYSIS

#### A. *Prohofsky's Expert Fees*

Fed.R.Civ.P. 26(b)(4)(C) provides:

[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision ...

The meaning of the term "reasonable fee" has not received a significant amount of judicial attention. Neither Liebert nor McBrian argue that Liebert is not responsible for the fees incurred during the actual deposition of Prohofsky. There is, however, a disagree-

ment as to whether other expenses such as preparation time, lodging, and travel costs should be included in the "reasonable fee" determination. Liebert argues that it is not responsible for the travel, lodging and preparation costs of Prohofsky.

██ It would seem logical that if an expert witness is brought to the moving attorney instead of the attorney going to the witness, the witnesses' travel expenses should be paid by the moving party. *Rhee v. Witco Chemical Corp.*, 126 F.R.D. 45, 47 (N.D.Ill.1989). In this instance, however, Prohofsky was not brought to the offices of the moving party, that being Liebert. He was instead presented at the offices of the responding party, McBrian. *Liebert's Response to McBrian's Motion for the Payment of Expert Witness Fees* at 6. Generally speaking, the travel costs of attorneys to take a deposition of the opposing side expert are not recoverable except under extraordinary circumstances. *McClain v. Owens–Corning Fiberglas Co.*, 1996 WL 650524, 1996 U.S. Dist. Lexis 16579 (N.D.Ill.1996). Thus we find Liebert being asked to pay not only for their own travel costs to Chicago from St. Louis to depose Prohofsky, but also Prohofsky's costs in coming to Chicago from Minnesota, an expense it would not have incurred if Prohofsky had been deposed in Minnesota where he resides. Liebert's attorney could have just as easily taken Prohofsky's deposition in Minnesota, avoiding altogether the need for Prohofsky's claimed travel and lodging costs, Since McBrian elected to have Prohofsky's deposition take place in Chicago it should bear all costs associated with his travel and lodging.

██ Preparation costs are a different matter. Liebert has, consistent with the Federal Rules, agreed to pay McBrian for those expert fees resulting from time actually spent by Prohofsky at his deposition. The issue raised in this matter concerns McBrian's demand that Liebert pay McBrian's expert for the time spent "preparing" for his deposition. McBrian asserts that "[a]n expert witness who prepared his work product month's ago cannot be expected to testify without preparation and review of his prior work for which

McBrian will be charged in addition to actual deposition time."

The courts have recently begun to address the issue of just what constitutes "time spent in responding" and whether those terms include "preparation time." Trial courts in this circuit, have concluded, as a general rule, that Fed.R.Civ.P. 26(b)(4)(c) does not require the party deposing an expert witness to bear the expense of that expert's deposition preparation time, unless it involves a ·complex case in which there has been considerable lapse of time between an expert's work on the case and the date of his actual deposition. *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage District*, 154 F.R.D. 212, 214 (E.D.Wis.1994), (thirty-six page, single spaced report plus one hundred supporting documents); *E.E.O.C. v. Sears Roebuck and Co.*, 138 F.R.D. 523, 526 (N.D.Ill.1991) (case identified by court as complex with many experts reviewing voluminous documents); *Rhee*, 126 F.R.D. at 45, (single plaintiff and one single defendant is not a complex case).

In the instant case, McBrian, try as it may, has not shown that this is a complex case or that there has been a "considerable lapse" of time between the experts' actual work and his deposition. This is a simple contract case between two parties; complex it is not. Prohofsky's report is made of no more than ten pages. This litigation may be extensive and convoluted, but only by reason of the multiple cumbersome motions filed by the attorneys. The record herein will not support any claim to "complex litigation," no matter how many lack luster motions the lawyers may file herein. Without the requisite complexity, or other more compelling circumstances, fees associated with the time spent preparing for deposition should rest with McBrian, the responding party.

### B. *Miller Expert Fees*

██ Liebert, in its response *memorandum* to McBrian's Motion for Fees, filed March 12, 1997, argues that it should not pay for Miller's fee because McBrian did not declare Miller as a computer hardware expert, which· caused it unfair surprise, thus increasing Miller's deposition time. It also argues that McBrian should be held to pay Miller's fee as a sanction for this failure to disclose. In our

Order of March 10, 1997, addressing Liebert's earlier motion seeking to bar Miller as an expert witness (we are unsure whether Liebert received the order prior to its filing of the response in this matter) we denied the motion to bar, but expressed our view that Miller's testimony may well be limited by the trial judge to those opinions and areas of expertise delineated in his Fed.R.Civ.P. 26(a)(2)(B) Report, filed prior to his deposition. By reason of this, we hold that Liebert is obligated for Miller's fees *only* to the extent that the fees sought are consistent with our rulings herein, and to the extend that Miller is ultimately allowed to express his expert opinions to the fact finder. Accordingly, Liebert, at this time, is obligated to pay expert fees only for that part of Miller's deposition that involved examination of those of his opinions set forth in his Fed.R.Civ.P. 26(a)(2)(B) report served upon Liebert. As to fees associated with the remainder of his deposition, any decision on that issue will have to wait until the trial court defines the scope and range of Miller's expert trial testimony.

### III. *CONCLUSION*

For the foregoing reasons, McBrian's motion for the payment of expert witness fees for Prohofsky is GRANTED in part and DENIED in part: that part of the request for payment of fees associated with actual deposition time is GRANTED; that part of McBrian's request for expert fee involving preparation time, lodging and travel expenses is DENIED. McBrian's motion for payment of expert fees for Miller is GRANTED in part and DENIED in part. Liebert will pay to McBrian fees associated only with that part of Miller's time spent in actual deposition on matters specifically contained in his written report prepared pursuant to Fed.R.Civ.P. 26(a)(2)(B), and served upon Liebert. McBrian is given leave to refile its petition for fees associated with Miller's deposition, as is consistent with this order, at the conclusion of Millers trial testimony.