Buskey v. Ciocchi, No. 812-11-09 Wrcv (Hayes, J., Feb. 16, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Windsor Unit | Docket No. 812-11-09 Wrcv |

Theresa M. Buskey and
Gabriel T. Buskey,
  Plaintiffs,

  v.

John S. Ciocchi, MD, and
Surgical Services of Springfield, Inc.,
  Defendants

## DECISION ON MOTION TO COMPEL PAYMENT OF EXPERT FEES

The plaintiffs have filed a motion to compel the defendants, under V.R.C.P. 26(b)(4)(C), to pay the costs of their expert witness, Dr. Steven Cohen, for preparing for deposition by defense counsel, and for review of his deposition transcript afterwards.   The defendants oppose this motion.

Dr. Cohen prepared a written report for this case on February 13, 2010.  Almost seven months later, on August 24, 2010, the defendants deposed him at his office in Rhode Island.  Dr. Cohen prepared for the deposition on August 23rd by reviewing records, and he also met with the plaintiff's attorney on the morning of the deposition for additional preparation.  The plaintiffs do not seek compensation for the time they spent preparing on the morning of the deposition.  The plaintiffs do argue, however, that the defendants should be responsible for paying Dr. Cohen for his time for review of records prior to the deposition, because this time assisted and shortened the time of the deposition.   Had he not reviewed those records,

plaintiffs argue, Dr. Cohen would have had to refer to medical records frequently during his deposition to refresh his recollection. The plaintiffs therefore ask that the defendants be ordered to pay for the 2.5 hours spent by Dr. Cohen the day before the deposition reviewing records, at his "legal review" rate of $650 per hour, for a total of $1,625.

The defendants oppose the request, arguing that preparation for a deposition, even by an expert witness, is not compensable under V.R.C.P. 26(b)(4)(C). The defendants acknowledge that there are federal cases under the identical federal rule that do permit an order for the party deposing a listed expert to pay for the expense of the expert's preparation for the deposition, but argue that those cases are inconsistent with both longstanding Vermont practice and the competing line of federal cases that does not approve the award of such costs.

The court has reviewed the case law and other authorities cited by the parties, and the parties' well-written memoranda, and concludes that an order for the defense to pay some of the costs of the witness's preparation is warranted here.

V.R.C.P. 26(b)(4)(C), related to expert witnesses, provides that "[u]nless manifest injustice would result, . . . the judge shall require that the party seeking discovery pay the expert a reasonable fee for *time spent in responding to discovery* under this paragraph." (Emphasis added). The Reporter's Notes to the 1996 Amendment to Rule 26 notes that Rule 26 was amended generally at that time "in partial adoption of the extensive 1993 amendments to Federal Rules 26-37," and confirms that the "amendment of 26(b)(4)(C) makes clear that the discovering party will ordinarily pay the expert's fees and expenses." The Vermont Rule is in fact identical to the Federal Rule. The court has been unable to find any Vermont case law that

2

provides any direct guidance as to the application of the rule to the cost of an expert's preparation for deposition.

There are many federal cases, however, that have addressed this question. The case that best summarizes and outlines all the approaches, and the arguments in favor of them, is *Fiber Optic Designs, Inc., v. New England Pottery, LLC*, 262 F.R.D. 586 (D. Colo. 2009).[1] In that patent-infringement case, the plaintiff deposed the defendant's expert witness, and defense counsel sought reimbursement from the plaintiff for the deponent's 16.1 hours of preparation time. The court granted the request, but only for four hours, after a lengthy discussion. In its discussion, the court first noted that several courts had found that the deposing party had no obligation to pay for an expert's preparation, because:

> [T]ime spent 'preparing' for a deposition entails not only the expert's review of his conclusions and their basis, but also consultation between the responding party's counsel and the expert to best support the responding party's case and to anticipate questions from seeking party's counsel. An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation.

*Id*. at 591 (citation omitted). The Colorado federal district court agreed that this was logical, but also noted that:

> the party noticing the expert's deposition certainly has the ability to influence when those preparation hours are expended. Indeed, by noticing an expert's deposition before summary judgment motions are filed, a party may require an expert to prepare for a deposition that proves completely unnecessary, or to duplicate preparation time that could be avoided if the

---

[1] Other cases reviewed by the court, many of which were cited in *Fiber Optic*, include: *Packer v. SN Servicing Corp.*, 243 F.R.D. 39 (D. Conn. 2007); *Lamere v. New York State Office for the Aging*, 223 F.R.D. 85 (N.D.N.Y. 2004); *Boos v. Prison Health Services*, 212 F.R.D. 578 (D. Kan. 2002); *State of New York v. Solvent Chemical Co., Inc.*, 210 F.R.D. 462 (W.D. N.Y. 2002); *M.T. McBrian, Inc., v. Liebert Corp.*, 173 F.R.D. 491 (N.D. Ill. 1997); and *S.A.Healy Co. v. Milwaukee Metropolitan Sewerage District*, 154 F.R.D. 212 (E.D. Wis. 1994).

deposition were taken closer to trial. Having made the tactical decision to prematurely take an expert's deposition, it is not unreasonable to require the noticing party to pay for the preparation that inevitably preceded the deposition examination.[2]

*Id.*

The Colorado court then went on to discuss the arguments from the cases which had in fact required the deposing party to pay for an expert's preparation time. The arguments in favor of such an order include, as the plaintiff argues here, that preparation by the expert facilitates the deposition process by avoiding interruptions to enable the witness to refresh his or her recollection by consulting other documents that could have been reviewed in advance. *Id.* at 591–592. Also, because Rule 26(b)(4)(A)(i) already requires written disclosure of the substance of the facts and opinions to which each expert is expected to testify and the grounds for all such opinions, if a party decides to depose such a witness as well, then they have created the need for the witness to prepare for testimony twice, once for the deposition, and again for trial, so there is no unfairness in requiring them to pay for it. *Id.* at 592. The Colorado court agreed that this argument was also logical, but pointed out that it "fails to acknowledge a critical distinction between a deposition and preparation. The lawyer taking the expert deposition has an ability to control the length of the examination and thereby limit the expert fees incurred as a result of that deposition. Counsel does not have a similar ability to control or limit the time allegedly spent in deposition preparation." *Id.*

---

[2] See also 8A Wright, Miller, Kane & Marcus, Federal Practice and Procedure: Civil 3d § 2034 ("Compensation for time spent preparing for the deposition has proved a divisive issue. . . . [T]he open-ended possibility that much ordinary trial preparation might be charged to the opponent by this device warrants caution. At the same time, it is hard to deny that the deposition-preparation process, like the deposition itself, requires additional effort by the expert for which he or she is likely to insist on being paid.").

The Colorado court then discussed a third line of "hybrid" cases, which require the deposing party to pay expert preparation fees, but only in very complex cases, or under unusual circumstances, such as where there was a long period of time between the expert's report and the deposition. *Id*. Finally, the Colorado court noted that every court that had required payment of preparation costs had only ordered the payment of reasonable amounts, and that several had reduced the requested amounts substantially. *Id*. at 592-593.

Here, applying a similar analysis, this court concludes that under the Vermont rule, expert preparation time may be included in the "reasonable fee for time spent in responding to discovery" that the party seeking discovery must pay under Rule 26(b)(4)(C). In determining what is a "reasonable fee," all of the factors discussed above should be weighed. These include: (1) the likelihood that preparation for deposition will reduce the amount of time required by the non-deposing party in preparing the witness for trial testimony, (2) the likelihood that the expert's preparation may reduce the time required to conduct the deposition because of the necessity of reviewing documents, (3) the amount of time between the issuance of the expert's opinions and the deposition, (4) the likely amount of time before trial, and thus the necessity for repetition of the same preparation for that purpose, (5) the reasonableness of the time taken for preparation in light of the complexity of the issues, and (6) the reasonableness of the hourly rate sought.

In this case, the deposition took place in August 2010, whereas the trial of this case will not occur sooner than this coming summer. It is therefore likely that plaintiff's attorney and the expert himself will have to spend almost the same amount of time preparing for trial that they spent preparing for the deposition. Yet it is also likely that the deposition "dress

5

rehearsal" was useful to plaintiff's trial preparation and advocacy, and for that reason it would not be fair to allocate all of the preparation expenses to defendants. See 8A Federal Practice and Procedure, *supra*, at § 2034 (cautioning courts against "the open-ended possibility that much ordinary trial preparation might be charged to the opponent"). For this reason, the court finds it appropriate to allocate 40% of the preparation time to plaintiffs, in recognition of the preparation benefits that will accrue at trial.

Beyond that, the court is unable to determine whether the expert's review of records decreased the time for the deposition significantly. There was a seven-month gap between the expert's written report and the deposition, which is certainly a long enough period to require at least some review of the expert report and related documents in order to testify. This expert took 2½ hours to review the records and his report; this does not seem excessive. The hourly rate seems high, but it is the same rate that this expert apparently charges for all aspects of this kind of work. Based upon these considerations, the court approves the quoted rate, and finds that 2½ hours was a reasonable amount of time to spend preparing for the deposition (although, as noted above, only 60% of that time will be allocated to defendants).

In light of all of the above factors, the court concludes that the defendant should pay for 1½ hours of the expert's preparation, at his quoted rate, for a total of $975. It is so ordered.

Dated at Woodstock this ____ day of February, 2011.

_____
Katherine A. Hayes
Superior Court Judge

6