Cindy **COLLINS, individually and as Special Administrator of the Estate of Candy Frederiksen, Deceased, Plaintiff,**

v.

**VILLAGE OF WOODRIDGE, Donald Janus, Steven List, Gerald Symonds, Duane Barr, Geoffrey Korous, Steven Herron, William Murphy, and Kathleen Rush, Defendants.**

No. 95 C 6097.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 18, 1999.

---

### MEMORANDUM OPINION AND ORDER

KENNELLY, District Judge.

Candy Frederiksen was a police officer with the Village of Woodridge. She committed suicide in February 1994. Plaintiff Cindy Collins, Frederiksen's sister and the administrator of her estate, has sued the Village and several police officers, alleging that Frederiksen's suicide was brought on by unlawful gender discrimination, including a work environment pervasively hostile to women. The case is set for trial in May 2000.

Collins has identified three expert witnesses whom she may call at trial. These include Thomas Walton, an expert in police practices; Linda Brubaker, an expert in human resources and equal employment opportunity issues; and Dr. Douglas Jacobs, a psychiatrist. On April 15, 1999, pursuant to an order entered by Judge Shadur, to whom this case was previously assigned, plaintiff disclosed the identity of these witnesses and provided defendants with extensive reports pursuant to Fed.R.Civ.P. 26(a)(2)(B). Mr. Walton's report covered 28 single spaced pages in which he detailed the materials he reviewed, his conclusions, and the facts (with citations to the record) upon which he had based his conclusions. Ms. Brubaker's report was 46 single spaced pages long and likewise described in detail her opinions, the facts upon which she based them (again with citations), and the materials that she had reviewed. Dr. Jacobs' report was 11 single spaced pages long and followed a format similar to the other reports.

Within about two weeks after receiving the reports, defendants' attorney contacted plaintiff's attorney to request dates on which the experts would be available for deposition. On May 6, 1999, plaintiff's attorney advised defendant's attorney in writing that in view of the amount of detail in the reports, he believed that depositions would be an unnecessary waste of time, and that if the defense chose to go ahead, under Fed.R.Civ.P. 26(b)(4) defendants would be responsible for paying the experts' fees for the depositions, including preparation time. Defendants' attorney did not object or otherwise respond to this statement but instead pressed on to schedule the depositions. Defendants eventually took the depositions in July (Walton and Dr. Jacobs) and September (Brubaker).

Following the depositions, plaintiff's attorney received bills from the experts, which he forwarded to defendant's attorney with a request for payment. Walton's bill was for-

warded to defendants' attorney on July 21, 1999; Dr. Jacobs' bill was forwarded on August 5, 1999.[1] Defendants' attorney did not make any payment at all. This led Collins to move the Court, on September 16, 1999, to order defendants to pay the expenses. Defendants have conceded that they are responsible for the experts' fees during the depositions but object to payment of fees for the experts' preparation time. The amounts involved are significant. Mr. Walton's deposition lasted 8 hours. His preparation time included 20 hours during which he reviewed portions of 53 depositions, 207 exhibits, and his 28 page expert report, as well as 7 hours in which he met with plaintiffs' attorneys. At $125 per hour, the expense for Mr. Walton's preparation time totals $3,375. Dr. Jacobs' deposition lasted 7 hours; his preparation time included 22½ hours, during which he reviewed portions of 42 depositions, as well as voluminous medical and other records and his 11 page expert report. At $350 per hour, the expense for Dr. Jacobs' preparation time totals $7,875. Ms. Brubaker's deposition lasted 6 hours; plaintiff has not yet detailed her preparation time, but it is reasonable to believe that, as with the other witnesses, it exceeded the length of her deposition.

■ Plaintiff's motion is made pursuant to Federal Rule of Civil Procedure 26(b)(4)(C)(i). Rule 26(b)(4) provides as follows:

(4) Trial Preparation: Experts.

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

(B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(C) *Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision;* and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Fed.R.Civ.P. 26(b)(4) (emphasis added). Ordinarily, we would first have to determine whether "time spent in responding to discovery under this subdivision" includes time spent preparing for a deposition. When plaintiff's motion was initially presented on September 21, 1999, the Court pointed out to both parties that this was a debatable proposition and referred the parties to authorities discussing the point. However, at the October 12, 1999 hearing on plaintiff's motion, defendants stated, in response to a direct question by the Court, that they were not contending that a party cannot recover for an expert's deposition preparation time. Rather, defendants stated, their contention is that under the particular circumstances of this case, it is unreasonable to award the requested compensation.

In the Court's view, the issue that defendants have conceded is a close one. The Rule is somewhat ambiguous; the term "responding to discovery" is not clear on its face. The Advisory Committee Notes from 1970, when this particular subdivision of Rule 26(b) was added, and from 1993, when Rule 26(a)(2) was amended to require expert reports of the type furnished here and Rule 26(b)(4) was amended to conform with the new Rule 26(a)(2) requirement, do not speak directly to this point. Yet because defendants have conceded that a court may award fees for deposition preparation time in an

---

1. As of the time this motion was filed, plaintiff's attorney had not yet received Ms. Brubaker's bill.

appropriate case, there is no need to engage in extended analysis of the issue.

We must, however, visit the issue briefly, as defendants have argued that fees should be denied based on decisions holding that the Rule does not permit fees to be awarded in any case other than an exceptional one. *See S.A. Healy Co. v. Milwaukee Metropolitan Sewerage District*, 154 F.R.D. 212, 214 (E.D.Wis.1994) (holding that Rule 26(b)(4)(C) does not require payment for deposition preparation time but recognizing an exception for complex cases); *EEOC v. Sears, Roebuck & Co.*, 138 F.R.D. 523, 526 (N.D.Ill. 1991) (Nordberg, J.) (stating that the Rule should not normally permit recovery for preparation time but permitting such recovery under particular circumstances of case); *Rhee v. Witco Chemical Corp.*, 126 F.R.D. 45, 47–48 (N.D.Ill.1989) (Norgle, J.) (indicating that the Rule does not permit recovery for preparation time except in unusual circumstances and finding such circumstances not present); *M.T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D.Ill.1997) (Bobrick, M.J.) (same as *Rhee*). This Court does not find the analysis of these cases particularly persuasive. Either the phrase "time spent responding to discovery" includes deposition preparation time, or it does not. If it does not, then there is no basis under Rule 26(b)(4)(C) or any other provision of the Federal Rules to shift such fees. In short, the Rule on its face does not permit a construction that says that such fees *may not* be awarded, but still somehow allows for them in unusual or exceptional cases.

The Court believes that the better reading of Rule 26(b)(4)(C)(i) is that the expert's reasonable fees for preparation time are recoverable by the party who tendered the expert. *See Hose v. Chicago and North Western Transportation Co.*, 154 F.R.D. 222, 227–28 (S.D.Iowa 1994); *American Steel Products Corp. v. Penn Central Corp.*, 110 F.R.D. 151, 153 (S.D.N.Y.1986); *Carter–Wallace, Inc. v. Hartz Mountain Industries, Inc.*, 553 F.Supp. 45, 53 (S.D.N.Y.1982) (all ordering party deposing experts to pay reasonable fee for time spent preparing). As noted, the Rule permits recovery for "time spent in responding to discovery under this subdivision." Time spent preparing for a deposition is, literally speaking, time spent in responding to discovery (except where the deposition preparation time actually constitutes *trial* preparation, which we conclude is not the case here given the lengthy lapse of time between the depositions and the trial). And because depositions are the only type of "discovery under this subdivision"—i.e., under Rule 26(b)(4)—it would have been relatively easy for the Rule's drafters to limit recovery to the time actually spent appearing for the deposition if that was what they had intended to do.

While one might have hoped that the drafters of the Rule would have made their intentions clearer in the language of the Rule, the shifting of the expert's fees for deposition preparation, as well as for the deposition itself, is consistent with the overall purpose of Rule 26, as amended in 1993. The 1993 amendment of Rule 26(a)(2)(B) to require the submission of expert reports was a significant change that the drafters hoped would reduce the need for expert depositions. The Advisory Committee noted that under the pre–1993 version of the rule, "[t]he information disclosed ... in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." The Committee, which also amended Rule 26(b)(4)(A) to make it clear that an opposing party was entitled to depose a testifying expert, further stated that "[c]oncerns regarding the expense of such depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition. The requirement under subdivision (a)(2)(B) of a complete and detailed report of the expected testimony of certain forensic experts may, moreover, eliminate the need for some such depositions or at least reduce the length of the depositions." Fed.R.Civ.P. 26, 1993 Advisory Committee Notes. These considerations apply to time reasonably spent preparing for a deposition in the same way as they apply to time spent at the deposition. In short, we think that it is entirely fair, and authorized by Rule 26(b)(4)(C)(i)—as defen-

dants have conceded—to require a party who seeks to depose an expert from whom he has received a written report in conformity with Rule 26(a)(2) to pay the reasonable fees associated with the expert's time reasonably spent preparing for the deposition. This is particularly so in a case such as this one, in which the expert's reports were quite extensive and thus comported with Rule 26(a)(2)'s purpose of increasing the amount of information conveyed to the opposing party. *See* Fed.R.Civ.P. 26, 1993 Advisory Committee Notes (indicating that the report should essentially set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor.").

■ It remains for the Court to determine what is "reasonable" in this case. We can certainly imagine cases in which the "reasonable" compensation for deposition preparation time would be zero or a nominal amount. This, however, is not such a case. The amount of material that the experts had reviewed in arriving at their opinions was unusually extensive, and it was entirely reasonable to expect that they would have to re-review significant portions of it in order to be able to answer questions intelligently at their depositions. Moreover, defendants knew in advance that plaintiff planned to seek recovery of the experts' preparation time but made no effort to limit the scope of the depositions, which might have limited the amount of "reasonable" preparation time. On the other hand, defendants requested the depositions promptly after receiving the experts' reports and did not inordinately delay scheduling the depositions. Thus the experts did not need to completely duplicate their earlier work in order to answer questions about their opinions. It is not our intention to allow the experts to seek compensation for reinventing the wheel. Rather, what we believe appropriate is to permit the expert to be compensated by the opposing party for the time reasonably necessary to refresh the expert's memory regarding the material reviewed and the opinions reached.

■ Weighing these competing considerations, we do not think that a three-to-one

ratio of preparation to deposition time is appropriate in terms of the costs that reasonably ought to be shifted to defendants under Rule 26(b)(4)(C).[2] Having reviewed the experts' reports and their listings of the materials that they were required to review, we think that in the particular circumstances of this case, a ratio of one and one-half times the length of the deposition is reasonable. We will therefore order defendants to reimburse plaintiffs for twelve hours of preparation time for Mr. Walton ($1,500 at $125 per hour) and ten and one-half hours of preparation time for Dr. Jacobs ($3,675 at $350 per hour). These amounts are in addition to the compensation that defendants must pay for the time spent at the depositions themselves: $1,000 for Mr. Walton (8 hours at $125 per hour) and $2,450 for Dr. Jacobs (7 hours at $350 per hour). Plaintiffs have not yet presented a request for payment to Ms. Brubaker, but the Court will follow the same rule of thumb if and when a request is made, subject to review for any unusual or differing circumstances.

For the reasons stated, plaintiff's motion to compel payment of expert fees is granted. Defendants are ordered to pay $2,500 to Thomas Walton and $6,125 to Dr. Douglas Jacobs, on or before October 31, 1999. Plaintiff's request for sanctions is denied.

---

2. This conclusion is not intended to bind the Court with respect to its determination of what fees and costs will be recoverable under 42 U.S.C. § 1988 if plaintiff prevails in this case.