**Robert BOOS, Plaintiff,**

v.

**PRISON HEALTH SERVICES,
Defendant.**

**No. CIV.A. 01–2041–JAR.**

United States District Court,
D. Kansas.

Feb. 19, 2002.

Jerry K. Levy, Ronald L. Schneider, Law Offices of Jerry K. Levy, Lawrence, KS, for Plaintiff.

Gary M. Austerman, Mary T. Malicoat, Klenda, Mitchell, Austerman & Zuercher, LLC, Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

Pending before the court is Plaintiff's Motion to Compel Payment of Deposition Charges of Expert (doc. 51). Plaintiff moves the court for an order requiring Defendant to pay $1,750 for the time Plaintiff's expert witness, Larry W. Rumans, M.D., spent preparing for his deposition by Defendant. Dr. Rumans' fee of $1,750 represents 3.5 hours of preparation at $500 an hour. Defendant opposes this motion on the grounds that the preparation time of an expert witness is generally not paid, that the expert's bills requesting payment are not sufficiently detailed, and that the expert's time spent preparing for the deposition is excessive.

Pursuant to Federal Rule of Civil Procedure 26(b)(4)(C)(i), a party seeking discovery from an expert is required to pay "a reasonable fee for time spent in responding to discovery."[1] The Rules, however, provide little guidance on whether "time spent in responding to discovery" includes an expert's time spent preparing for a deposition.

The courts are divided on the issue of whether such time is compensable. Some courts have held that expert preparation time is compensable.[2] Other courts have refused to award compensation for preparation time, at least in the absence of compelling circumstances, such as where the litigation is particularly complex or the expert must review voluminous records.[3]

In this District, the Court's general practice is to require defendants to pay for at least some of plaintiff's expert witnesses's time spent preparing for their deposition.[4] Although none of these cases actually addressed the issue of whether an expert's time spent preparing for a deposition constitutes "time spent in responding to discovery" under Rule 26(b)(4)(C), the Court has nonetheless ordered defendants to pay a portion of the costs of the expert witnesses' deposition preparation time.[5]

After reviewing the case law in this District and in other districts addressing the issue of whether expert preparation time is compensable, the Court holds that "time spent in responding to discovery" under Rule 26(b)(4)(C)(i) includes a reasonable amount of time spend by an expert preparing for a deposition. The Court finds the rationale set forth in the cases permitting an expert's deposition preparation time compensable to

1. Fed.R.Civ.P. 26(b)(4)(C)

2. *Profile Prods., LLC v. Soil Mgmt. Technologies, Inc.*, 155 F.Supp.2d 880, 886 (N.D.Ill.2001); *Collins v. Vill. of Woodridge*, 197 F.R.D. 354, 357–58 (N.D.Ill.1999); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y.1997); *Bridges v. Eastman Kodak Co.*, No. 91 Civ. 7985(RLC), 1996 WL 47304, at *15 (S.D.N.Y. Feb.6, 1996), *aff'd*, 102 F.3d 56 (2d Cir.1996); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y.1995); *McHale v. Westcott*, 893 F.Supp. 143, 151 (N.D.N.Y.1995); *Hose v. Chicago & N.W. Transp. Co.*, 154 F.R.D. 222, 228 (S.D.Iowa 1994); *Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D.1988).

3. *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D.Wis.1994); *EEOC v. Sears Roebuck & Co.*, 138 F.R.D. 523, 526 (N.D.Ill.1991); *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (D.C.Ill.1989); *Benjamin v. Gloz*, 130 F.R.D. 455, 457 (D.Colo.1990); *M.T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D.Ill.1997).

4. *Nelson v. Calvin*, Civ. A. No. 01–2021–CM, 2002 WL 1071937, at *2 (D.Kan. May 7, 2002); *Kernke v. Menninger Clinic, Inc.*, Civ. A. No. 00–2263–GTV, 2002 WL 334901 (D.Kan. Feb.26, 2002); *Maasen v. Zwibelman*, Civ. A. No. 98–2280–JWL, 2001 WL 309116, at *2 (D.Kan. Mar.12, 2001).

5. *Id.*

be persuasive.[6] In *Collins*, the court held that "it is entirely fair, and authorized by Rule 26(b)(4)(C)(i) ... to require a party who seeks to depose an expert from whom he has received a written report ... to pay the reasonable fees associated with the expert's time reasonably spent preparing for the deposition."[7] The *Collins* court noted that Rule 26(b)(4)(C) provides for compensation for "time spent in responding to discovery," and not just time spent at the deposition.[8] The court rationalized that the Rule's drafters could have easily drafted the rule to limit recovery to the time the expert actually spent appearing at the deposition.

■ In this case Dr. Rumans seeks payment for the time he used to prepare for his deposition and not for time spent conferring with Plaintiff's counsel in preparation for the deposition. The Court notes that Dr. Rumans' deposition was taken more than a year after he prepared his report. Thus, a review of the medical records after a lapse of one year is appropriate for Dr. Rumans to prepare to give his deposition. Although not clear from the pleadings on file, Dr. Rumans' deposition appears to have lasted approximately an hour and a half. The Court therefore holds that 3.5 hours is a reasonable amount of time for Dr. Rumans to prepare for his deposition.

While the 3.5 hours asserted by Dr. Rumans is a reasonable amount of time spent in preparation for his deposition, Dr. Rumans' hourly rate for preparing for the deposition of $500 per hour, which is the same as his hourly rate for deposition time, is not reasonable.[9] The Court finds a more reasonable fee for review of documents and preparation for deposition to be $200 per hour. Therefore, the Court orders Defendant to pay for 3.5 hours of Dr. Rumans' deposition preparation at a rate of $200 per hour for a total of $700.

■ Next, Defendant claims the Dr. Rumans' fees should not be awarded because they lack sufficient detail to support the claim for payment. Specifically, Defendant argues that Dr. Rumans' bill does not include the date on which he conducted his deposition preparation. Defendant fails to cite any authority for this argument. Although it would be helpful for an expert to provide more detailed description of his time spent preparing for the deposition, the Court will not require it in this case where the expert witness is claiming only 3.5 hours of preparation time.

Accordingly, Plaintiff's motion to Compel Payment of Deposition Charges of Expert (doc. 51) is granted in part. Defendant is ordered to pay $700 of the cost of Dr. Rumans' time spent preparing for his October 11, 2002 deposition.

IT IS SO ORDERED.

---

6. *Collins,* 197 F.R.D. at 357–58; *Magee,* 172 F.R.D. at 646; *Hose,* 154 F.R.D. at 227–28.

7. *Collins,* 197 F.R.D. at 357–58.

8. *Profile Prods.,* 155 F.Supp.2d at 886.

9. *See Kernke,* 2002 WL 334901, at *1 (citations omitted) ("What constitutes a reasonable expert witness fee is within the court's sound discretion.").