[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR REIMBURSEMENT #115
On October 15, 2001, the plaintiff, Donald Temple, filed the present motion for reimbursement requesting the court to order the defendant, Bridgeport Hospital, to reimburse him, for the fee the plaintiff paid his expert for his expert's testimony at the discovery deposition noticed by the defendant. The following facts are derived from the plaintiffs motion and the defendant's objection. On May 21, 2001, the defendant re-noticed the discovery deposition of the plaintiffs expert, Joanne Hojsak, to be taken on June 14, 2001, at Mount Sinai Hospital in New York. The plaintiff apparently consented to the time and place of the deposition. CT Page 5844
Prior to the deposition, a dispute arose between the parties over whether the deposition was a discovery deposition or would be used in lieu of the witness' testimony at trial. The plaintiff wanted to video tape the deposition for use at trial. On June 14, 2001, the defendant mailed and faxed a letter to the plaintiff objecting to the video taping the deposition for its use at trial.
The deposition occurred on June 14, 2001. Counsel for both parties were present. The defendant objected on the record to the plaintiff videotaping the deposition for use at trial, and asserted that it had not been given adequate notice to prepare for a trial deposition. The parties then proceeded with the deposition. The plaintiff subsequently submitted a bill to the defendant in the amount of $3460, which was itemized as $2800 for the expert's actual testimony at the deposition and $660 for her preparation time.
On October 15, 2001, the plaintiff filed the present motion for reimbursement pursuant to Practice Book § 13-4. The defendant objected thereto.[1] The plaintiff argues that pursuant to Practice Book § 13-4, the defendant is responsible for the fee the plaintiff paid to his expert for her deposition testimony at the deposition because it was the defendant who noticed the deposition. The plaintiff argues further that the defendant is also responsible for the fee he paid the expert for the time she spent preparing for her deposition. The defendant responds that it is not responsible for the expert's preparation time, that the amount of the fee is unreasonable and that it is not responsible for reimbursing the plaintiff for the cost of any part of the deposition that the plaintiff uses at trial.
There is no Connecticut appellate authority directly on point as to whether a party noticing the deposition of an opposing party's expert is responsible for paying the expert for the time spent preparing for the deposition. It is a long standing principal of Connecticut common law, however, "that parties are required to bear their own litigation expenses, except as otherwise provided by statute. . . . Furthermore, because `[c]osts are the creature of statute . . . unless the statute clearly provides for them courts cannot tax them" (Citations omitted; internal quotation marks omitted.) M. DeMatteo Construction Co. v. NewLondon, 236 Conn. 710, 715, 674 A.2d 845 (1996).
Section 13-4 (3) states in relevant part: "unless manifest injustice would result, (A) the judicial authority shall require that a party seeking discovery pay the expert a reasonable fee for time spent responding to discovery under subdivisions (1) (B) and (2) of this rule. . . ."[2] Section 13-4 (3) is silent as to whether "responding to CT Page 5845 discovery" includes the preparation time the expert spends in anticipation of a deposition.
This court is aware of one trial court decision in which the court held that Practice Book § 13-4(3) permits a court to award an expert a reasonable fee for time preparing for a deposition. Rolfe v. New BritainGeneral Hospital, 47 Conn. Sup. 296, 305, ___ A.2d ___ (2001). This court disagrees with that court's interpretation of Practice Book § 13-4
(3). A better rule, is a rule that requires litigants to pay for their own expert's preparation time, because it is the litigants who are in a better position to control the amount of time that there own experts spend preparing for a discovery deposition. Morever, Practice Book §13-4(3) does not mandate that such costs should be borne by the party seeking discovery. If the drafters of Practice Book § 13-4(3) had intended to require that expert's preparation time be included in the fees that a party seeking discovery must bear they could have done so explicitly. See Alswanger v. Smego, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 125294 (October 12, 2001,Tierney, J.) ("[Legislature] knew how to add preparation costs if it wanted to do so."). Furthermore, this rule finds support in caselaw interpreting closely related statutes.
General Statutes § 52-260 (f),[3] like Practice Book § 13-4
(3), mandates that a party pay an opposing party's expert a reasonable fee for his deposition testimony. The only material difference between General Statutes § 52-260 (f) and Practice Book § 13-4(3), is that General Statutes § 52-260 (f) involves the post trial taxation of costs, and Practice Book § 13-4(3) involves pre-trial reimbursement of the fees an expert charges for responding to discovery.
As with Practice Book § 13-4(3), General Statutes § 52-260 (f) is also silent as to whether an expert's preparation time is included, and the appellate courts have not addressed this the issue of in the context of the statute. There is a split of authority at the trial court level on the issue. Alswanger v. Smego, supra, Docket No. 125294 (October 12, 2001, Tierney, J.).
In Alswanger v. Smego, the court explained § 52-260 (f) does not expressly provide recovery of costs for the time an expert spends preparing for a deposition. Id. "[The legislature] knew how to add preparation costs if it wanted to do so. It permitted the deposition costs in worker's compensation case under General Statutes §§ 31-312
. . . and 31-298. . . . This court holds that expert preparation costs for trial testimony and expert preparation costs for depositions are not taxable costs." (Internal quotation marks omitted.) Id. CT Page 5846
Likewise, or similarly, the drafters of Practice Book § 13-4 could have expressly permitted recovery of costs for an expert's preparation time if they had wanted to. The fact that they did not provide for the reimbursement of this expense for discovery deposition indicates that the drafters of § 13-4 did not intend that such costs should be borne by the party seeking discovery. This court holds that pursuant to Practice Book § 13-4(3), the defendant is not responsible for compensating the plaintiffs expert for the time she spent preparing for her deposition.
The next matter before the court is setting a reasonable fee to compensate the plaintiffs expert for the time she spent at the deposition. The court holds that the $2800 the plaintiff requested as reimbursement for the fee it paid the expert for her deposition testimony is a reasonable fee.
The court assumes in its holding that this deposition was a discovery deposition and not a trial deposition. The defendant noticed deposition as a discovery deposition, and it would be inequitable to permit the plaintiff to transform it into a trial deposition and require the defendant pay for it. The defendant is therefore ordered to reimburse the plaintiff for the $2800 the plaintiff paid to Hojsak's for her deposition testimony, provided that the plaintiff does not use this discovery deposition at trial.
GALLAGHER, J.